SOCIETE ANONYME DU FILTRE CHAMBERLAND SYSTEME PASTEUR et al.
v. BLOUNT et al.

(Circuit Court, S. D. Ohio, W. D. August 13, 1892.)

No. 4,541.

APPEAL—SUPERSEDEAS—ORDER GRANTING INJUNCTION.
Upon an appeal, under Act March 3, 1891, § 7, from an interlocutory order granting an injunction, appellant is entitled to a supersedeas, as a matter of right, upon furnishing such a bond as the court in its discretion may require for the protection of the appellee.

In Equity. Pending on motion of the complainant to vacate and set aside the supersedeas heretofore allowed the defendant Blount on the appeal from the order granting complainant an injunction. Motion denied.

Paul A. Staley, for complainant.

H. A. Toulmin, for respondent.

JACKSON, Circuit Judge. The motion to vacate and set aside the supersedeas heretofore allowed the defendant Blount is denied. Under the seventh section of the act of March 3, 1891, said defendant had the right to appeal from the order of the circuit court granting the injunction, and, to make such appeal effectual, he had a right to the supersedeas upon such terms as the court or judge granting it might impose. In the prosecution of an appeal under that section, there is no discretion in the court or judge allowing the same to deny or refuse the appellant a supersedeas. There is a discretion in respect to the bond that may be required of the appellant for the protection and indemnity of the appellees. Any other construction of said section would defeat the very aim and purpose of its enactment,—the previous practice and legislation in relation to appeals, and their effect, render it very clear that the appeal allowed by said section was intended to suspend and vacate the order granting the injunction. The motion to vacate and set aside the supersedeas is denied.